IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| CENTER FOR SUSTAINABLE ECONOMY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. CIV _____ |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF THE | ) | |
| TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.  Preliminary Statement

1.     This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. §552 et seq., to

compel the United States Department of the Treasury ("Treasury") to produce documents and

records regarding the nature and extent of the federal government's involvement in the domestic

automobile industry, and the federal government's compliance with pertinent environmental law

in connection with that involvement.

2.     Plaintiff Center for Sustainable Economy ("CSE") is a New Mexico not-for-profit

corporation devoted to research and public education concerning the government's management

of public lands and resources.  CSE is committed to starting public-private dialogue on issues of

national importance with the intent of informing and guiding government decision-making.

3.     CSE requested the documents and records that are the subject of this lawsuit in

furtherance of its objective of assuring that the federal government's participation in the domestic

automobile industry is based on a comprehensive and objective understanding of the

environmental impacts – both direct and indirect – of automobile production and use.

4.      As detailed below, CSE submitted its FOIA request to Treasury in a letter dated July 21,

2009 and sent by certified first class mail on July 22, 2009.  The FOIA request incorporated a

request for a fee waiver as provided by 5 U.S.C. §552(a)(4)(A)(iii).

5.      Treasury constructively denied CSE's request for production of documents and CSE's fee

waiver request in a letter of August 11, 2009, in which it informed CSE that its FOIA request

would not be "processed" and its fee waiver request would not be "addressed" unless and until

CSE agreed in advance to pay the search, review, and duplication fees that it sought to have

waived with its fee waiver request.

6.      In this civil action, CSE seeks a court order (1) declaring that Treasury's regulations

implementing the fee waiver provision the FOIA are arbitrary, capricious, unreasonable, and

invalid, both facially and as applied to this case, (2) declaring that Treasury's refusal to "process"

CSE's request for documents and refusal to "address" CSE's fee waiver request is contrary to

law and constitutes a violation of the FOIA, and (3) requiring Treasury to process and grant

CSE's fee waiver request and to produce the documents and records that CSE requested in its

July 21 FOIA request.

## II.   Jurisdiction and Venue

7.      This Court has jurisdiction over this action under 5 U.S.C. §522(a)(4)(B) (FOIA), 28

U.S.C. §1331 (federal question), and 28 U.S.C. §1361 (mandamus).

8.      Venue in this Court is proper under 5 U.S.C. §522(a)(4)(B) (FOIA), because Plaintiff

CSE is a New Mexico not-for-profit corporation with its principal place of business in New

Mexico.

### III.  Parties

9.      Plaintiff CSE  represents a broad network of members and partners whose interests are

affected by management of facilities owned and operated by Vehicle Acquisitions Holdings LLC

and other U.S. automakers.  Such facilities generate significant environmental impacts on

communities where our members and partners reside. For example, Vehicle Acquisitions

Holdings LLC and other U.S. automakers generate huge demands for steel and other raw

materials that require extensive open pit mining operations for iron ore and other metals.  The

operation of manufacturing facilities generates a wide range of pollutants that adversely affect air

and water quality.  Noise, light and traffic associated with these facilities diminish the livability

of nearby neighborhoods.  The vehicles manufactured by these facilities are significant sources of

greenhouse gas emissions that are jeopardizing the stability of global climate patterns.  As such,

federal actions related to management of such facilities directly affects the quality of the human

environment in communities where our partners and members reside.

10.     Defendant Treasury is a department of the United States that has been providing

significant financial assistance to the domestic automobile industry in exchange for ownership

interests in various automobile manufacturers including a majority share in General Motors.

Treasury has a mandatory statutory duty to respond to FOIA requests that are made to the

department, and is sued in this action in connection with its statutory duties under the FOIA.

### IV.  Facts

11.     In pursuit of its organizational objectives, CSE desires to acquire information concerning

the nature and extent of the federal government's involvement in the domestic automobile

industry.

12.     In particular, CSE believes that the federal government's ownership interest in General

Motors triggers statutory obligations on the part of the federal government to comply with

pertinent environmental law, including but not limited to the National Environmental Policy Act.

13.     To obtain this information, CSE sent a FOIA request dated July 21, 2009 to Treasury by

certified first class mail on July 22, 2009.  The FOIA request sought seven specifically identified

categories of documents.

14.     CSE's FOIA request to Treasury incorporated a fee waiver request pursuant to 5 U.S.C.

§552(a)(4)(A)(i).  CSE is entitled to a fee waiver pursuant to the FOIA because the fee waiver is

in the public interest, Treasury's disclosure of the requested information is likely to contribute

significantly to public understanding of Treasury's operations and activities in the domestic

automobile industry, and CSE is not requesting the subject information for any commercial

reason.  31 C.F.R. §1.7(d)(1).

15.     Except in circumstances that are not relevant in this case, FOIA requires federal agencies

to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with

such request and . . . immediately notify the person making such request of such determination

and the reasons therefor."  5 U.S.C. §552(a)(6)(A)(i).

16.     In a letter of August 11, 2009, Treasury informed CSE that its request for production of

documents would not be "processed" unless and until CSE specifically provided Treasury with

an agreement committing CSE to pay the search, review, and duplication fees for which CSE specifically sought a waiver in its FOIA request.

17.     Treasury's August 11, 2009 letter also states that Treasury would not "address" CSE's fee waiver request unless and until CSE provided Treasury with an agreement to pay for search, review, and duplication fees in connection with the FOIA request.

18.     In support of Treasury's decision not to process CSE's FOIA request and not to "address" CSE's fee waiver request, Treasury's August 11 letter refers CSE to Treasury's regulations "adopting" the FOIA, but does not specifically refer to any particular provision of those regulations.

19.     One specific provision of Treasury's FOIA regulations indicates that FOIA requesters must include an agreement to pay search, review and duplication fees in their FOIA requests: "The request must state the firm agreement of the requester to pay the fees for search, duplication, and review as may ultimately be determined in accordance with §1.7." 31 C.F.R. §1.5(b)(7).  However, this particular provision of Treasury's FOIA regulations applies only to requests in which the requester does not seek a fee waiver.  Accordingly, this provision does not apply to CSE's FOIA request.

20.     Indeed, other provisions of Treasury's regulations implementing FOIA make it abundantly clear that a FOIA requester seeking a fee waiver need not provide an agreement to pay search, review, and duplication fees unless and until the requester's fee waiver request is denied.

21.     For example, Section 1.5(b)(7) – quoted above – goes on to state as follows with respect to FOIA requests that incorporate requests for public interest fee waivers: "The requester shall be

notified in writing of the decision to grant or deny the fee waiver. A requester shall be asked to provide an agreement to pay fees when the request for a fee waiver or reduction is denied and the initial request for records does not include such agreement."

22.     Similarly, 31 C.F.R. §1.7(b) states as follows with respect to FOIA requests that incorporate a request for a public interest fee waiver:

> Where the initial request includes a request for reduction or waiver of fees, the responsible official shall determine whether to grant the request for reduction or waiver before processing the request and notify the requester of this decision. If the decision does not waive all fees, the responsible official shall advise the requester of the fact that fees shall be assessed and, if applicable, payment must be made in advance pursuant to Sec. 1.7(e)(2).

23.     Treasury's decision not to "process" CSE's FOIA request and not to "address" its fee waiver request unless CSE provides an agreement to pay the fees for which it seeks a fee waiver constitutes a constructive denial of CSE's request for documents and CSE's request for a fee waiver.

24.     Treasury's decision not to "process" CSE's FOIA request and not to "address" its fee waiver request unless CSE provides an agreement to pay the fees for which it seeks a fee waiver chills CSE's exercise of its statutory rights to access and review government documents relative to the activities and operations of the federal government in connection with the domestic automobile industry.

25.     Treasury's constructive denial of CSE's request for documents and CSE's fee waiver request has frustrated and continues to frustrate CSE's pursuit of its objective to educate its members, the public, and decision makers as to the environmental effects of federal government programs and activities.

26.    Treasury has never apprised CSE of its statutory right to appeal its determinations with

respect to CSE's request for documents and CSE's request for a fee waiver.  5 U.S.C.

§552(a)(6)(A)(i).

## V.  **Causes of Action**

### First Cause of Action
(Constructive denial of CSE's request for documents)

27.    CSE incorporates the preceding paragraphs by reference as if fully set out herein.

28.    Treasury has violated FOIA by failing to provide the documents that CSE requested in its

FOIA request within twenty days of receipt as required by FOIA.  5 U.S.C. §552(a)(6)(A)(i).

### Second Cause of Action
(Constructive denial of CSE's fee waiver request)

29.    CSE incorporates the preceding paragraphs by reference as if fully set out herein.

30.    Treasury has violated FOIA by refusing to address CSE's request for a fee waiver unless

and until CSE first agrees to pay the fees that it seeks to have waived.

### Third Cause of Action
(Arbitrary and capricious regulation)

31.    CSE incorporates the preceding paragraphs by reference as if fully set out herein.

32.    To the extent that Treasury regulations implementing FOIA provide that fee waiver

requests incorporated into FOIA requests will not be addressed unless and until the FOIA

requester provides an agreement to pay search, review, and duplication fees, those regulations are

arbitrary, capricious, unreasonable, and a violation of FOIA.

## VI. **Request for Relief**

WHEREFORE, CSE requests that this Court:

1.      Declare unlawful Treasury's failure to provide the documents requested by CSE within

twenty days of receipt.

2.      Declare unlawful Treasury's failure to address CSE's fee waiver request unless and until

CSE first agrees to pay the fees that it seeks to have waived.

3.      Order Treasury to address immediately CSE's request for a fee waiver.

4.      Order Treasure to produce immediately the documents requested by CSE in its FOIA

request.

5.      Declare that Treasury regulations implementing FOIA are arbitrary and capricious and

unlawful – both facially and as applied – to the extent that those regulations provide that

Treasury will not "process" a FOIA request and/or "address" a fee waiver request unless and

until a FOIA requester provides an agreement to pay fees.

6.      Award CSE its reasonable attorney fees and costs incurred in prosecuting this civil action.

7.      Declare that the circumstances surrounding Treasury's failure to process CSE's FOIA

request and failure to address CSE's fee waiver request raises questions as to whether Treasury

personnel acted arbitrarily and capriciously.  5 U.S.C. §552(a)(4)(F).

8.      Grant such other and further relief as the Court deems just and proper.


Dated: <u>September 1, 2009</u>                    Respectfully submitted,

                                                         <u>/s/ Steven Sugarman</u>
                                                         Steven Sugarman
                                                         1210 Luisa Street, Suite 2
                                                         Santa Fe, New Mexico 87505
                                                         Telephone:  (505) 672-5082