IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CENTER FOR SUSTAINABLE ECONOMY,<br><br>      Plaintiff,<br>vs.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>      Defendant. | No. 6:09-cv-00848 PJK/WDS |

MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion for Partial Dismissal filed March 1, 2010 (doc. 15).  Defendant seeks to dismiss Plaintiff's third cause of action which challenges a now-rescinded policy requiring an agreement to pay fees before processing a fee waiver request under the Freedom of Information Act (FOIA).  Whether this claim is moot is a legal question that may be considered pursuant to a Fed. R. Civ. P. 12(b)(1) motion.  See Rio Grande Silvery Minnow v. Bureau of Reclamation, --- F.3d ----, 2010 WL 1576433, at *20 (10th Cir. 2010).  After considering the materials submitted by the parties,[1] the court concludes that the motion is well taken and should be granted.

---

[1] See Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005) (in a factual attack on subject matter jurisdiction, court may consider matters outside the pleadings).

Background

By FOIA request dated July 22, 2009, Plaintiff sought records pertaining to governmental programs in support of the domestic automotive industry, and requested a fee waiver. Doc. 18-1. Defendant responded by letter on July 29, 2009, indicating that it could not begin processing the request without an agreement to pay applicable fees and requested an amount not less than $25 which Plaintiff would agree to pay and stating that amounts more that $250 require a prepayment. Doc. 18-2. By letter August 10, 2009, Plaintiff reminded Defendant that the FOIA request included a fee waiver request. Doc. 18-3. Defendant responded on August 11, 2009, repeating that a fee agreement was necessary before processing of the fee waiver request could occur. Doc. 18-4. This action was filed on September 1, 2009, and Defendant was served on September 22, 2009. In a letter dated September 29, 2009, Defendant confessed error, indicated that it should have requested only an agreement to pay fees in the event the fee waiver was denied, and notified Plaintiff that its fee waiver request had been assigned for a decision. Doc. 15-6. On October 21, 2009, the fee waiver request was granted in part with a request for additional information; the balance was granted on November 17, 2009. Doc. 18-10, 18-11.

Plaintiff seeks a declaratory judgment that failing to address its fee waiver request until it pays fees is unlawful, as well as arbitrary and capricious. Plaintiff mounts a facial and an "as applied" challenge to Treasury regulations implementing FOIA to the extent

they provide that Treasury will not process a FOIA request and a fee waiver without an agreement to pay the fees. Doc. 1 at 8. Plaintiff seeks an order requiring Defendant to process Plaintiff's fee request.

## Discussion

Obviously, the court can fashion no relief concerning the processing of Plaintiff's fee waiver request as that request has now been processed and granted; Plaintiff's third cause of action is moot insofar as ordering Defendant to do something it has already done or declaring that its initial positions were unlawful. Better Gov't Ass'n v. Dep't of State, 780 F.2d 86, 91 (D.C. Cir. 1986). Moreover, as the complaint recognizes and the Defendant now agrees, Treasury regulations provide that when a fee waiver is requested, it is *not* essential to provide an agreement to pay the fees until the fee waiver is denied. Doc. 1 (Complaint) at 5-6, ¶¶ 20-22; Doc. 15 at 7-8; Doc. 20 at 2-3. Although the pertinent regulation begins "[t]he request must state the firm agreement of the requester to pay the fees for the search, duplication and review as may ultimately be determined in accordance with § 1.7," it later states that a fee waiver request *may* accompany such an agreement. 31 C.F.R. § 1.5(b)(7). If a fee waiver request is submitted:

> The requester shall be notified in writing of the decision to grant or deny the fee waiver. A requester shall be asked to provide an agreement to pay fees when the request for a fee waiver or reduction is denied *and the initial request for records does not include such an agreement*.

Id. Thus, the regulation contemplates that a fee agreement or payment of fees is not a prerequisite to a consideration of a fee request. This interpretation is consistent with the

Treasury's FOIA handbook which requires an agreement to pay fees yet, in the absence of an agreement to pay fees, contemplates a fee waiver request.  Department of the Treasury, Disclosure Services, Freedom of Information Act Handbook 4 (2005), available at http://www.ustreas.gov/foia/reading-room/handbook.pdf.  The fee waiver request precedes processing the FOIA request; once a decision is made, the requester is notified. 31 C.F.R. §1.7(b).  The Treasury's website has been updated as of February 19, 2010, to reflect that a request "must contain an agreement to pay all fees that might be incurred; or a request that such fees be waived or reduced and a justification for such request."  Doc. 15, attach. 1, ¶ 17 (Blutstein aff.); Doc. 18 at 8-9, Ex. 13; Department of the Treasury, How to Write A FOIA Request, item 5, available at http://www.treas.gov/foia/how-to.html (last visited May 5, 2010).  Defendant also has undertaken measures to ensure that its error in requiring a fee agreement in every case not recur.  Doc 20-1 at 4-5, ¶¶ 8-9 (Hartman decl.).

    Plaintiff raises several arguments why its third cause of action is not moot. Plaintiff argues that while the Defendant has cured the unlawfulness of the regulation as applied, the facial validity of the regulation is still at issue.  According to the Plaintiff, the current regulation has a chilling effect on requesting information and deciding such a challenge is consistent with availability of information available under FOIA.  Plaintiff relies upon letters from Defendant (apparently before its policy change) to other parties requiring a fee agreement notwithstanding a request for a fee waiver.  Doc. 18-5, 18-6. Plaintiff also contends that Defendant has an abnormally high denial rate concerning fee

waiver requests compared to other agencies (although the one year of data does not indicate the rationale for such denials). Doc. 18 at 7, 18-9. Plaintiff also argues that certain exceptions to the mootness doctrine apply, specifically that denials of fee requests are capable of repetition yet evading review, and that the Defendant's voluntary cessation of unlawful conduct is insufficient to moot the case.

As for the facial challenge, while it is true that merely granting the fee waiver request does not necessarily moot a facial challenge to the regulations, see Better Gov't Ass'n, 780 F.2d at 91-92; Payne Enters., Inc. v. United States, 837 F.2d 486, 491 (D.C. Cir. 1988), both parties recognize that the regulation simply does not require a fee agreement or payment of fees prior to processing a fee waiver request. See Doc. 1 (Complaint) at 5-6, ¶¶ 20-22; Doc. 15 at 7-8; Doc. 20 at 2-3. Indeed, Plaintiff's third cause of action is conditional on a reading of the regulations to which no party subscribes. Doc. 1 at 7, ¶ 32; accord Doc. 18 at 4. Statutes and regulations must be read as a whole; context matters. See King v. St. Vincent's Hosp., 502 U.S. 215, 221 (1991); United States v. Am. College of Physicians, 475 U.S. 834, 842 (1986). Although Plaintiff may read the first two sentences of the regulation, 31 C.F.R. § 1.5(b)(7), as requiring a fee agreement in all cases, such a reading is untenable when the remainder of the regulation is consulted. Subsequent sentences clarify that a fee waiver request should be processed in the absence of a fee agreement, and a requester shall be asked for a fee agreement (if one has not already been provided) if the request is denied. Merely because a FOIA "request

must conform in every respect with the [Treasury Department] rules and procedures," 31 C.F.R. § 1.5(a)(1), cannot justify a reading of § 1.5(b)(7), which omits these principles.

Moreover, the court rejects the idea the third cause of action is capable of repetition, yet evading review, and therefore not moot.  This exception requires a showing that the erroneous procedure is too short in duration to be fully litigated prior to corrective action, and a reasonable expectation that the conduct is likely to recur to this Plaintiff. See Davis v. FEC, 128 S. Ct. 2759, 2769 (2008).  As noted by the D.C. Circuit, "[d]enials of fee waivers do not seem inherently of such short duration that they cannot ordinarily be fully litigated before their cessation." See Hall v. C.I.A., 437 F.3d 94, 99 (D.C. Cir. 2006).  Moreover, it does not appear that Plaintiff has any other fee waiver requests pending.  To be sure, the Defendant twice erred by requiring a fee agreement prior to fee-waiver processing, but it promptly corrected its error when suit was filed.  What's more, Defendant interprets the pertinent regulation as not requiring an agreement or payment of fees in advance and has taken corrective measures to avoid the error in this case and others.

For similar reasons, the court is persuaded that the Defendant's voluntary cessation of its past practice has mooted the case. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (for case to be moot, defendant must demonstrate no reasonable expectation of recurrence of challenged practice and that interim events have eliminated effects of challenged practice).  The corrective action taken by the Defendant is adequate to meet its burden. See Rio Grande Silvery Minnow, --- F.3d ----, 2010 WL 1576433, at

*10 (despite heavy burden standard, agency officials often discontinue challenged practices and moot cases). The court is unpersuaded that Defendant's apparent requirement of fee agreement before it changed its policy or its high rate of denials of fee waiver requests (prior to that change) present a reasonable likelihood that the prior practice will recur.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Defendant's Motion for Partial Dismissal is granted and Plaintiff's third cause of action is dismissed for lack of subject matter jurisdiction.

DATED this 5th day of May 2010, at Santa Fe, New Mexico.

/s/ Paul Kelly Jr.
United States Circuit Judge
Sitting by Designation

Kimberly L. Herb, Trial Attorney, U.S. Department of Justice, Civil Division, Federal Programs Branch, Washington D.C. (Tony West, Assistant Attorney General, Washington, D.C., Gregory J. Fouratt, United States Attorney, Albuquerque, New Mexico, and Elizabeth J. Shapiro, Deputy Director, Federal Programs Branch, Washington, D.C. with her on the briefs) for Defendant.

Steven Sugarman, Santa Fe, New Mexico, for Plaintiff.